CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 23, 2013

LETTER TO COUNSEL:

   RE: *Vivian Redmon v. Commissioner, Social Security Administration*;
      Civil No. SAG-11-1647

Dear Counsel:

  On June 15, 2011, the Plaintiff, Vivian Redmon, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 19). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

  Ms. Redmon originally filed her claim on July 23, 2008, alleging disability beginning on December 30, 2002. (Tr. 50-53). She later amended her disability onset date to June 18, 2008. (Tr. 26). Her claims were denied initially on November 26, 2008, and on reconsideration on March 13, 2009. (Tr. 56-59, 65-66). A hearing was held on November 17, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 23-46). Following the hearing, on December 1, 2009, the ALJ determined that Ms. Redmon was not disabled during the relevant time frame. (Tr. 7-21). The Appeals Council denied Ms. Redmon's request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

  The ALJ found that Ms. Redmon suffered from the severe impairments of polycystic kidney disease and chronic renal insufficiency. (Tr. 12). Despite these impairments, the ALJ determined that Ms. Redmon retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except she cannot work in environments with air pollutants/irritants and/or temperature extremes. She is capable of understanding, carrying out and remembering simple instructions.

(Tr. 14). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Redmon could perform her past relevant work ("PRW") as a production worker, and that she was therefore not disabled during the relevant time frame. (Tr. 16-17).

Ms. Redmon presents two arguments on appeal: (1) that the ALJ erroneously determined that she was capable of her PRW, and (2) that the ALJ erred in determining her RFC. I find Ms. Redmon's arguments unpersuasive. However, the ALJ provided insufficient evidence for me to determine if his adverse credibility assessment is based on substantial evidence. Remand is therefore required.

First, turning to the unpersuasive arguments, Ms. Redmon asserts that the ALJ erred in assessing her ability to perform PRW as a production worker at a window vinyl shop. To make such a finding at step four, a three-step analysis is required. SSR 82-62, 1982 WL 31386. The ALJ must obtain sufficient information about the requirements of Ms. Redmon's PRW and consider all of her impairments, both severe and non-severe, in assessing whether she could meet those requirements. *See id.* at *3 ("Determination of the claimant's ability to do PRW requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the *Dictionary of Occupational Titles*, etc., on the requirements of the work as generally performed in the economy."). The ALJ relied upon testimony from Ms. Redmon and the VE regarding the requirements of Ms. Redmon's PRW. (Tr. 16-17, 27-29). He then properly compared those requirements to Ms. Redmon's RFC before determining that she was capable to performing the same type of work. (Tr. 16-17). I find no cause for remand based on the ALJ's analysis of Ms. Redmon's capacity to perform PRW.

Ms. Redmon also argues that the ALJ erred in the mental RFC assessment by failing to evaluate relevant evidence. First, she alleges that the ALJ neglected to consider a critical aspect of Dr. Shakuntala Dhir's consultative exam. Dr. Dhir noted that Ms. Redmon had "poor concentration but adequate recall" during the exam. (Tr. 310). However, in the next sentence he reported that she "had taken hydrocodone before coming to the appointment." *Id*. The ALJ discussed Dr. Dhir's findings that Ms. Redmon was independent in her activities of daily living and had adequate social functioning, and his diagnosis that she had "adjustment disorder with a depressed mood." (Tr. 16). I find no cause for remand here. The ALJ found that Ms. Redmon had mild limitations in cognitive functioning, (Tr. 13), which reflects Dr. Dhir's findings.

Second, Ms. Redmon argues that the ALJ failed to evaluate the opinions of the state agency physician, Dr. Dale, who assessed her mental impairments. Dr. Dale conducted a psychiatric review of Ms. Redmon's records on November 26, 2008. (Tr. 330-42). He indicated that she had affective disorder, and that she had mild to moderate functional limitations, but was not sufficiently limited to meet any of the mental health-related listings. *Id*. He concluded that, "From a psychiatric perspective, claimant is able to perform some type of task[-]related functions equated with competitive employment." (Tr. 342). In the Mental RFC Assessment worksheet, Dr. Dale found Ms. Redmon had moderate limitations in social functioning, and in concentration, persistence, and pace. (Tr. 346). While the ALJ did not include discussion of Dr. Dale's findings, he expressly considered Ms. Redmon's mental impairments. (Tr. 12-13, 15, 16). The ALJ found that Ms. Redmon had no limitations in activities of daily living and social

function, no episodes of decompensation, and only mild limitations in concentration, persistence, and pace based on his assessment of Ms. Redmon's credibility, discussed below. (Tr. 13). While I do not find prejudicial error in the omission of any express discussion of Dr. Dale's findings, on remand, the ALJ should clarify the weight given to Dr. Dale's opinion.

A problem, however, lies in the ALJ's credibility assessment, which provided part of the underpinnings for the RFC. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case, but provided insufficient analysis to permit adequate review of his findings. (Tr. 14-16). The ALJ ultimately determined that Ms. Redmon's credibility was severely undermined because, "allegations made during her testimony are contradicted by medical evidence." (Tr. 16). Specifically, he found neither medical records nor pharmacy records to substantiate any mental health treatment or prescriptions for Paxil or Xanax. *Id.* However, many of Ms. Redmon's records indicate that she was taking generic forms of Paxil and Xanax, and that her prescriptions were regularly refilled by a pharmacy. (Tr. 575-76) (showing prescriptions for paroxetine[1] and alprazolam[2] filled numerous times at a Wal-Mart Pharmacy); (Tr. 278-79, 284, 286, 580, 582-83, 586, 590-91, 593, 597) (treatment notes from Dr. William Johnson and Dr. Sullivan and staff at Mission of Mercy from April, 2007 to September, 2008 indicating that Ms. Redmon was prescribed alprazolam and paroxetine, and that the prescriptions were regularly refilled). Because the ALJ emphasized the alleged lack of prescription records in his adverse credibility finding, I cannot find that the ALJ's failure to consider that evidence is harmless error. Remand is appropriate to allow adequate consideration of the entire medical record.[3] In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Redmon was ineligible for benefits was correct or incorrect.

For the reasons set forth herein, the Plaintiff's motion for summary judgment (ECF No. 15) and the Commissioner's motion for summary judgment (ECF No. 19) will be DENIED, the decision of the ALJ will be VACATED, and the case will be REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

---

[1] Paroxetine is a generic form of Paxil. *Paroxetine (Oral Route)*, MayoClinic.com, http://www.mayoclinic.com/health/drug-information/DR601687 (last visited Apr. 23, 2013).

[2] Alprazolam is a generic form of Xanax. *Alprazolam (Oral Route)*, MayoClinic.com, http://www.mayoclinic.com/health/drug-information/DR602769 (last visited Apr. 23, 2013).

[3] The ALJ also based his credibility determination partially on treatment notes from August 2008 that purportedly showed Ms. Redmon had a "normal renal examination." (Tr. 15). While those notes indicate that Ms. Redmon's stage four chronic kidney disease had not worsened, they certainly do not indicate that her renal functioning had returned to normal. (Tr. 278). On remand, the ALJ should also clarify his analysis of the objective medical records relevant to Ms. Redmon's chronic kidney disease.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge